**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD WEIL,**

           **Plaintiff,**

-vs-                                           **Case No. 6:05-cv-319-Orl-22KRS**

**ARTHUR VESCOVI, d/b/a: All United**
**Security Services Trust, et al.**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the Notice of Filing Stipulation for Judgment and Response to Court Order of January 24, 2007, doc. no. 82; and without oral argument on Plaintiff's Amended Motion for Final Default Judgment Against Marc A. Vescovi, Individually, and Marc A. Vescovi d/b/a All United Security Services Trust, All United Security Services, American Professional Security and National Services, doc. no. 85.

**I.    BACKGROUND.**

Plaintiff Richard Weil originally sued Arthur Vescovi d/b/a All United Security Services Trust in March 2005 for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and state law. Doc. No. 1. Arthur Vescovi file an answer to the complaint. Doc. No. 7. Weil then filed an amended complaint against the same

defendant, doc. no. 40, which Arthur Vescovi answered, doc. no. 44.  The state law claims were then dismissed by the Court.  Doc. No. 59.

Weil moved for leave to amend his complaint again, so as to add Marc Vescovi and William A. Penberthy; and to add all defendants doing business as All United Security Services Trust, All United Security Services, and American Professional Security and National Services.  Doc. No. 61.  Leave was granted, doc. no. 62, and Weil filed a Third Amended Complaint, doc. no. 63.[1]  Penberthy was later dismissed as a party.  Doc. No. 78.

The Third Amended Complaint was served on Marc Vescovi.  Doc. No. 65-2.  After he failed to answer, Weil moved for the entry of default against Marc Vescovi, and then for the entry of an amended default against Marc Vescovi individually and doing business as the various entities.  Doc. Nos. 65, 67.  An amended default was entered by the Clerk of Court.  Doc. No. 68.

Weil then moved for the entry of default judgment against Marc Vescovi both individually and doing business as the various entities.  Doc. No. 71.  In a text-entry order, the Honorable Anne C. Conway, the presiding district judge, granted the motion for default judgment.  Doc. No. 75.  Judge Conway ordered that "[j]udgment will be entered at the conclusion of the case."  *Id*.

---

[1] Weil voluntarily dismissed Count II of the Third Amended Complaint, which sought unpaid minimum wages under the FLSA.  Doc. Nos. 69, 70.  Accordingly, the only active count in the Third Amended Complaint (the operative complaint) is for alleged unpaid overtime compensation under the FLSA.

Meanwhile, Weil and Arthur Vescovi reached a settlement on both this case and on a state court case involving those claims dismissed by this Court. Doc. No. 82-2.[2] Because the settlement involves the resolution of FLSA claims, Judge Conway referred the matter to me for a determination of whether the settlement was fair and reasonable. Doc. No. 79.

At a hearing held March 2, 2007, counsel for Weil and Arthur Vescovi indicated that this settlement was intended to be a global settlement of all Weil's claims against Arthur Vescovi and his various businesses. As stated in the amended motion for default judgment, the settlement entirely resolves the FLSA overtime claim, including liquidated damages, resolves "a substantial portion of [Weil's] unpaid wage claim" (which is in state court); and resolves "a small portion of [Weil's] attorney's fees and costs." Doc. No. 85 at 2-3.

Accordingly, Weil has now filed the present amended motion for default judgment against Marc Vescovi. To avoid the possibility of duplicative recovery, Weil "seeks Final Judgment against Defendant [Marc] Vescovi for **any additional attorney's fees and costs only**, as relates to [his] FLSA claim." *Id*. at 4 (emphasis original).

**II.    ANALYSIS.**

  *A.    The Settlement is Fair.*

---

[2] The agreement is styled as a "Stipulation for Judgment." Doc. No. 82-2. Pursuant to the terms of the document, Weil agrees voluntarily to dismiss the action against Arthur Vescovi in exchange for the payment of money.

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d 1350, 1352-55 (11th Cir. 1982).

Pursuant to the terms of the settlement agreement, doc. no. 82-2, and based on the representations in the amended motion for default, doc. no. 85, Weil will recover the full amount of unpaid overtime compensation to which he is entitled. Accordingly, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

B.     *Default Judgment.*

The Court has already determined that default judgment is appropriate against Marc Vescovi.[3]  Because joint and several liability is available against all employers under the FLSA, Weil could obtain his entire FLSA recovery, including attorney's fees and costs, from Marc Vescovi.  However, under the settlement, Weil has recovered from Arthur Vescovi all of the overtime compensation owed, all of the liquidated damages due, and some of the attorney's fees owed.  Therefore, to avoid duplicative recovery, it is appropriate to limit Weil's recovery against Marc Vescovi to the remainder of attorney's fees and costs incurred by Weil in prosecuting his FLSA claim.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). In an FLSA case, an award of attorney's fees "is an integral part of the merits of the case, and a

---

[3] When an individual does business through a unincorporated business, liability runs solely to the individual. *Cf. Optowave Co. v. Nikitin*, Case No. 6:05-cv-1083-Orl-22DAB, 2007 WL 129009, at * 15 (M.D. Fla. Jan. 13, 2007) (discussing liability of individual doing business through a different business name).  Therefore, it is not necessary or appropriate to consider whether default judgment should be entered against Marc Vescovi d/b/a the various businesses.  Moreover, because the settlement with Arthur Vescovi also encompasses the various businesses, to the extent that those businesses are separate legal entities, the claims against them were resolved in the settlement reached with Arthur Vescovi individually and d/b/a the various businesses.

judgment [cannot be] final in such cases until the attorney[ 's] fees issue is determined." *Shelton v. Ervin*, 830 F.2d 182, 183 (11th Cir. 1987).

In the amended motion for default judgment, Weil asks that the Court enter final judgment and reserve the question of the amount of attorney's fees and costs to be awarded. This would be improper under the rule announced in *Shelton*. Accordingly, the amended motion for default judgment is legally insufficient because it offers no proof of the damages sought.

### III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court **APPROVE** the settlement between Weil and Arthur Vescovi, both individually and doing business as the various entities, and **DISMISS** the cause against Arthur Vescovi, both individually and doing business as the various entities.

I respectfully recommend that the Court **DENY without prejudice** Plaintiff's Amended Motion for Final Default Judgment Against Marc A. Vescovi, Individually, and Marc A. Vescovi d/b/a All United Security Services Trust, All United Security Services, American Professional Security and National Services, doc. no. 85. I further recommend that the Court give Weil eleven days from the date of its order on this Report and Recommendation to file a second amended motion for default judgment against Marc A.

Vescovi supported by evidence of uncompensated attorneys' fees and costs incurred in the litigation of the federal case only.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy