**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD WEIL,**

          **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-319-Orl-22KRS**

**ARTHUR VESCOVI, individually and**
**d/b/a: All United Security Services Trust, et**
**al., and MARC A. VESCOVI, individually**
**and d/b/a**
**All United Security Services Trust, et al.,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S SECOND AMENDED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST MARC A. VESCOVI, INDIVIDUALLY, AND MARC A. VESCOVI D/B/A ALL UNITED SECURITY SERVICES TRUST, ALL UNITED SECURITY SERVICES, AMERICAN PROFESSIONAL SECURITY AND NATIONAL SERVICES (Doc. No. 88)**
>
> **FILED:** April 25, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice.**

**I.    BACKGROUND.**

Plaintiff Richard Weil originally sued Arthur Vescovi d/b/a All United Security Services Trust in March 2005 for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §

201 *et seq.*, and state law.  Doc. No. 1.  Arthur Vescovi filed an answer to the complaint.  Doc. No. 7.  Weil then filed an amended complaint against the same defendant, doc. no. 40, which Arthur Vescovi answered, doc. no. 44.  The state law claims were dismissed by the Court.  Doc. No. 59.

Weil moved for leave to amend his complaint again, so as to add Marc Vescovi and William A. Penberthy; and to add all defendants doing business as All United Security Services Trust, All United Security Services, and American Professional Security and National Services.  Doc. No. 61.  Leave was granted, doc. no. 62, and in July 2006, Weil filed a Third Amended Complaint, doc. no. 63.  Penberthy was later dismissed as a party.  Doc. No. 78.

The Third Amended Complaint was served on Marc Vescovi.  Doc. No. 65-2.  After he failed to answer, Weil moved for the entry of default against Marc Vescovi, and then for the entry of an amended default against Marc Vescovi individually and doing business as the various entities.  Doc. Nos. 65, 67.  An amended default was entered by the Clerk of Court.  Doc. No. 68.

Weil then moved for the entry of default judgment against Marc Vescovi both individually and doing business as the various entities.  Doc. No. 71.  In a text-entry order, the Honorable Anne C. Conway, the presiding district judge, granted the motion for default judgment.  Doc. No. 75.  Judge Conway ordered that "[j]udgment will be entered at the conclusion of the case."  *Id*.

Meanwhile, Weil and Arthur Vescovi reached a settlement on both this case and on a state court case involving those claims dismissed by this Court.  Doc. No. 82-2.  At a fairness hearing, counsel for Weil and Arthur Vescovi indicated that this settlement was intended to be a global settlement of all Weil's claims against Arthur Vescovi and his various businesses.  Weil stated that the settlement entirely resolved the FLSA overtime claim, including liquidated damages, resolved

"a substantial portion of [Weil's] unpaid wage claim" (which was in state court); and resolved "a small portion of [Weil's] attorney's fees and costs." Doc. No. 85 at 2-3.

Thereafter, the Court approved the settlement and dismissed the claims against Arthur Vescovi both individually and doing business as the various entities. Doc. No. 87. The Court provided that Weil could file a second amended motion for default judgment against Marc Vescovi "supported by evidence of uncompensated attorneys' fees and costs incurred in the litigation of the federal case only." Doc. No. 87.

Weil has now filed the present motion for default judgment against Marc Vescovi. Doc. No. 88. In the motion, Weil indicates that $10,000.00 of the $25,000.00 settlement with Arthur Vescovi was for attorneys' fees and costs. Because he incurred attorneys' fees and costs beyond that amount, Weil seeks the remainder, $31,565.50 in attorneys' fees and $1,845.44 in costs, from Marc Vescovi both individually and doing business as the various entities. *Id*. In support of the motion, Weil submitted the time sheets of the attorneys who performed work in this case, doc. no. 88-2, a proposed bill of costs, doc. no. 88-3, and documentation supporting the requested costs, doc. no. 88-4.

## II. APPLICABLE LAW.

The FLSA provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount,

which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating other facts to be considered in determining a reasonable rate).

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

### III.     ANALYSIS.

The present motion is inadequate because it presents no evidence regarding the reasonableness of the requested hourly rates, which is the first step in the lodestar analysis. Weil has presented no evidence regarding the qualifications or experience of his attorneys, or the rates charged by other attorneys within this market for similar work. As such, I cannot determine that the requested hourly rates are reasonable.

There are other problems with the requested attorneys' fees.  First, Weil seeks recovery of all attorneys' fees incurred in this case, less the amount resolved by the settlement with Arthur Vescovi.  However, Marc Vescovi was not added as a party until more than a year after the original complaint was filed.  Accordingly, attorneys' fees may appropriately be assessed against Marc Vescovi only for work performed in conjunction with the causes of action against him, which necessarily could not have been performed until Marc Vescovi was added as a party defendant. Similarly, because attorneys' fees are sought under the FLSA, only the time spent litigating that issue would be compensable, and time devoted to the state court litigation would, accordingly, not be compensable.

Second, Weil continues to seek attorneys' fees against Marc Vescovi individually and doing business as All United Security Services Trust, All United Security Services, and American Professional Security and National Services.  As previously explained, the global settlement reached with Arthur Vescovi resolved all issues between the plaintiff, Arthur Vescovi and the business entities.  *See* Doc. No. 86 at 5 n.3.  Thus, there is no legal basis for seeking an award of attorneys' fees as to the business entities, whatever their legal structure.

Finally, counsel are required to exercise billing judgment before seeking an award of attorneys' fees and costs.  Billing judgment requires that a party not seek reimbursement for hours that it "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*"  *Norman*, 836 F.2d at 1301. Because the deficiencies in counsel's work required multiple motions for default judgment, it would be inappropriate to require the defendant to pay any of the attorneys' fees incurred in correcting the legal omissions.

Accordingly, Weil is not entitled to an award of attorneys' fees for work performed after the date that the original motion for default judgment was filed.

Weil also seeks an award of costs incurred. Counsel does not address the extent to which costs were recovered in the settlement with Arthur Vescovi and the business entity defendants. It would be inappropriate for counsel to obtain a double recovery of costs incurred. Accordingly, only costs attributable to the FLSA litigation against Marc Vescovi should be included in a renewed motion.

## IV. CONCLUSION.

Accordingly, it is **ORDERED** that Weil shall have until June 15, 2007, to file a renewed motion for default judgment supported by evidence and authority as set out above. If the renewed motion remains deficient, I will recommend that the renewed motion be denied with prejudice and that the case be closed.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties