# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD WEIL,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:05-cv-319-Orl-22KRS**

**ARTHUR VESCOVI, individually and d/b/a: All United Security Services Trust, et al., and MARC A. VESCOVI, individually and d/b/a All United Security Services Trust, et al.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S THIRD AMENDED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST MARC A. VESCOVI, INDIVIDUALLY (Doc. No. 93)**
>
> **FILED:** June 15, 2007

**I.    BACKGROUND.**

      Plaintiff Richard Weil originally sued Arthur Vescovi d/b/a All United Security Services Trust in March 2005 for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and state law. Doc. No. 1. Arthur Vescovi filed an answer to the complaint. Doc. No.

7. Weil then filed an amended complaint against the same defendant, doc. no. 40, which Arthur Vescovi answered, doc. no. 44. The state law claims were dismissed by the Court. Doc. No. 59.

Weil moved for leave to amend his complaint again, so as to add Marc Vescovi and William A. Penberthy; and to add all defendants doing business as All United Security Services Trust, All United Security Services, and American Professional Security and National Services. Doc. No. 61. Leave was granted, doc. no. 62, and Weil filed a Third Amended Complaint, doc. no. 63. The Third Amended Complaint sought damages for alleged violations of the FLSA's overtime and minimum wage provisions. *Id*. Penberthy was later dismissed. Doc. No. 78. Additionally, Weil voluntarily dismissed the minimum wage claim. Doc. Nos. 69, 70. Accordingly, the only active count in the Third Amended Complaint (the operative complaint) is for unpaid overtime compensation. Doc. No. 63.

The Third Amended Complaint was served on Marc Vescovi. Doc. No. 65-2. After he failed to answer, Weil moved for the entry of default against Marc Vescovi, and then for the entry of an amended default against Marc Vescovi individually and doing business as the various entities. Doc. Nos. 65, 67. An amended default was entered by the Clerk of Court. Doc. No. 68. Weil then moved for the entry of default judgment against Marc Vescovi both individually and doing business as the various entities. Doc. No. 71. In a text-entry order, the Honorable Anne C. Conway, the presiding district judge, granted the motion for default judgment. Doc. No. 75. Judge Conway ordered that "[j]udgment will be entered at the conclusion of the case." *Id*.

Meanwhile, Weil and Arthur Vescovi reached a settlement on both this case and on a state court case involving those claims dismissed by this Court. Doc. No. 82-2. Under the settlement, Weil recovered from Arthur Vescovi, both individually and doing business as the various entities,

all of the overtime compensation owed, all of the liquidated damages due, and $10,000.00 in attorneys' fees, which represents a portion of the attorneys' fees owed. *See* Doc. Nos. 82-2, 85, 93. This Court determined that the settlement was fair and dismissed the cause against Arthur Vescovi both individually and doing business as the various entities. Doc. No. 87.

Weil then sought entry of default judgment against Marc Vescovi for the balance of attorneys' fees incurred by his counsel. Doc. No. 88. The motion was denied without prejudice because it presented no evidence regarding the reasonableness of the fees sought, and sought some inappropriate fees. Doc. No. 92. Weil has now filed the present motion for default judgment against Marc Vescovi in his individual capacity only. Doc. No. 93. In the motion, Weil omits the request for fees incurred before July 31, 2006, when Marc Vescovi was added as a defendant in this case, and omits 1.3 hours of work performed by various professionals. *Id*. at 4-5. The motion has been referred to me and is ripe for review.

## II.     STANDARD OF REVIEW.

The FLSA mandates that in any action brought by an employee to enforce § 207 of the Act, the FLSA overtime provisions, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In an FLSA case, an award of attorney's fees "is an integral part of the merits of the case, and a judgment [cannot be] final in such cases until the attorney['s] fees issue is determined." *Shelton v. Ervin*, 830 F.2d 182, 183 (11th Cir. 1987).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which

is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

**III.   ANALYSIS.**

   *A.   Default Judgment.*

The Court has already determined that default judgment is appropriate against Marc Vescovi. Doc. No. 75. Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). Accordingly, Weil could obtain his entire FLSA recovery, including attorneys' fees and costs, from Marc Vescovi. However, because Weil recovered from Arthur Vescovi all of the overtime compensation owed, all of the liquidated damages due, and $10,000.00 of the attorneys' fees owed, to avoid duplicative recovery, it is appropriate to limit Weil's recovery against Marc Vescovi to the remainder of attorneys' fees and costs incurred by Weil in prosecuting his FLSA claim against Marc Vescovi.

   *B.   Attorneys' Fees.*

Jennifer Cintron, Esq., avers that her firm worked 196.0 hours in litigating the present case. Doc. No. 93-2 (Cintron Aff.) ¶ 4. Of these, 52.4 hours were billed after Marc Vescovi was added as a defendant. *Id*. "These hours were charged at a variety of rates including $85.00 per hour for paralegal work and a range of $235.00 to $290.00 per hour for attorney entries." Based on these various rates, Weil seeks $12,529.00 in attorneys' fees. *Id*.; *see also* Doc. No. 88-2.

1.     <u>Reasonable Hourly Rates</u>.

Weil presented the following information about the three attorneys and one legal assistant who performed work in this case.

Attorney Cintron has been admitted to practice law since 2001 and has "devoted approximately 50% of [her] entire practice to prosecuting and defending labor and employment law matter claims since 2004." Cintron Aff. ¶¶ 1, 2. She was lead counsel in this matter. *Id*. ¶ 3. Her regular rate is $235.00 per hour. Doc. No. 93 at 15. She provided no evidence that any Court has awarded her fees at the requested hourly rate, or that any client has paid her fees at this rate.

In support of the reasonableness of the requested rate, Weil cites *Armitage v. Dolphin Plumbing & Mechanical, LLC*, No. 6:05-cv-890-Orl-19KRS, 2007 WL 1789110 (M.D. Fla. June 19, 2007). Doc. No. 93 at 15-16. In that case, the Court approved an hourly rate of $300.00 for an attorney who had been admitted since 1988, $250.00 for two attorneys who had been admitted since 1993 and 1994 respectively, $150.00 for an attorney who had been admitted since 2002, and $95.00 for someone who had worked as a paralegal since 1999 "with extensive experience drafting complaints, discovery, motions and affidavits." *Id*., at *3-4.

Based on the reasoning of that case, an hourly rate of $235.00 for an attorney admitted since 2001 would be excessive. Considering Attorney Cintron's performance in this case, including her role as lead counsel, and based on my knowledge of the rates routinely charged in the Central Florida legal market, I find that, in the absence of objection, an appropriate rate for work performed by Attorney Cintron is $180.00 per hour.

John Bolanovich, Esq., has been admitted to practice since 1998, clerked for the Equal Employment Opportunity Commission, is a partner at the firm, and "has devoted the majority of

his practice to prosecuting and litigating labor and employment cases." Doc. No. 93 at 14. His regular rate is $290.00 per hour. *Id*.

Based on my knowledge of the local legal market, I find that a rate of $290.00 per hour is inconsistent with the hourly rates charged and paid in the Central Florida market for an attorney with seven to eight years of experience. In other FLSA cases, I found an hourly rate of $250.00 was reasonable for an attorney with sixteen years of litigation experience, and seven years of employment law litigation experience. *See, e.g.*, *Ramirez v. Carribean Food Market*, No. 6:04-cv-176-Orl-KRS, 2005 WL 2675006 (M.D. Fla. Oct. 20, 2005); *Armitage*, 2007 WL 1789110 . In an ADA case, I found an hourly rate between $185.00 to $265.00 to be reasonable, based on expert testimony, for work of an attorney with between eight and fifteen years of experience. *See Wilder v. Martin Petroleum Corp. of Fla.*, Case No. 6:03-cv-206-Orl-22KRS, doc. no. 105 (M.D. Fla. Oct. 14, 2005). Based on the rates approved in other cases, and considering the *Johnson* factors, I conclude that an hourly rate of $225.00 is appropriate for Attorney Bolanovich's work in this case.

Daniel Perez, Esq., has been admitted to practice since 2000, and has practiced exclusively in the labor and employment field since that time. His regular rate is $290.00 per hour. Doc. No. 93 at 15. For the reasons discussed above regarding Attorney Bolanovich, this rate is excessive considering the Central Florida legal market. Inasmuch as both attorneys use the same regular hourly rates, I also conclude that a reasonable rate for the work performed by Attorney Perez in this case is $225.00 per hour.

Linda Burke "has been a Certified Legal Assistant since 1987," and is a member of various organizations for paraprofessionals. Her regular rate is $85.00 per hour. Doc. No. 93 at 15. Weil presented no information regarding Burke's experience in handling litigation related matters, or

that Burke had been awarded this hourly rate by other courts or paid this rate by clients. Without such evidence, and in the absence of objection, I find that an appropriate rate for Burke's work in this matter is $70.00 per hour.

    2.    <u>Reasonable Number of Hours</u>.

Based on the original timesheet, doc. no. 88-2, less the reductions discussed above, Attorney Cintron worked 51.6 hours in this case; Attorney Bolaovich worked 3.9 hours in this case; Attorney Perez worked 0.9 hours in this case; and Burke worked 0.2 hours in this case. Doc. No. 88-2 at 15-20. This totals 56.6 hours billed by the various professionals who performed work in this case. However, Attorney Cintron specifically avers that they seek compensation for only 52.4 hours. Cintron Aff. ¶ 4. Because it is unclear from whose work the additional 4.2 hours (56.6 - 52.4 = 4.2) should be deducted, I recommend that the Court deduct 4.2 hours from Attorney Cintron's time, because she is the attorney who prepared the present motion and affidavit. This results in 47.4 hours reasonably worked by Cintron. In the absence of objection, none of the other entries are unreasonable.

    3.    <u>Lodestar</u>.

Based on the foregoing recommendations, the lodestar for this case is as follows:

| Professional | Hourly Rate | Number of Hours | Total |
|---|---:|---:|---:|
| Cintron | $180.00 | 47.4 | $8,532.00 |
| Bolonovich | $225.00 | 3.9 | $877.50 |
| Perez | $225.00 | 0.9 | $202.50 |
| Burke | $70.00 | 0.2 | $14.00 |
| Total | | 52.4 | $9,626.00 |

In the absence of objection, I recommend that the Court award fees as set out above.

4.      Adjustment to Lodestar.

As noted above, Weil already has received $10,000.00 in compensation for attorneys' fees as part of the settlement of the causes of action against Arthur Vescovi. Accordingly, to avoid a double recovery, the Court should consider whether all or a portion of this payment should be applied to offset the lodestar attorneys' fees.

The timesheet submitted by Weil's counsel reflects that the attorneys and paralegal discussed above worked the following hours before Marc Vescovi was added as a defendant to the case, which at the reasonable hourly rate for each individual, results in a lodestar attorney's fee of $31,261.50.

| Professional | Hourly Rate | Number of Hours | Total |
| --- | --- | --- | --- |
| Cintron | $180.00 | 134.8 | $24,264.00 |
| Bolonovich | $225.00 | 3.1 | $6,997.50 |
| Perez | $225.00 | 0.0 | $0.00 |
| Burke | $70.00 | 0.0 | $0.00 |
| TOTAL | | 137.9 | $31,261.50 |

*See* Doc. No. 88-2.[1]

---

[1] These figures are derived by subtracting the hours worked after Marc Vescovi was added as a party (discussed above) from the total number of hours indicated for each professional in the billing summary. Doc. No. 88-2 at 25. The total number of hours billed before Marc Vescovi was added, 137.9, plus the total number of hours billed thereafter, 56.6, equals 194.5 hours. This calculation does not include 0.2 hours for an attorney, "BJG", for whom compensation is not sought, or the 1.3 hours voluntarily omitted. Including these amounts results in the total 196.0 hours billed (137.9 + 56.6 = 194.5; 194.5 + 0.2 + 1.3 = 196.0).

Because the lodestar attorneys' fee for work performed before Marc Vescovi was added as a defendant in this case exceeds the amount of attorneys' fees received in the settlement with Arthur Vescovi, no adjustment to the lodestar is necessary to account for the settlement fee payment.

    *C.    Costs.*

Cintron avers that Weil incurred costs in the amount of $2,080.38 in litigating the complaint, and that $1,845.44 of that amount is collectable from Marc Vescovi under 28 U.S.C. § 1920. Cintron Aff. ¶ 4. A proposed bill of costs was filed at doc. no. 88-3. In the proposed bill of costs, Weil seeks $250.00 for the filing fee, $370.00 for fees associated with service of process, $787.30 for court reporter fees for a deposition transcript, and $187.99 for copies. *Id*. These amounts are supported by receipts and other documents. Doc. No. 88-4.

The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001). The docket reflects that Weil paid $250.00 for the filing fee.

The evidence submitted in support of the service costs indicates that $95.00 was incurred for service of process on Marc Vescovi, $20.00 was incurred for service of process on Arthur Vescovi, and $175.00 was incurred for service of process on William Penberthy. The remaining $80.00 was incurred for the service of subpoenas on various third parties. *See* Doc. No. 88-4.

There is no evidence regarding why the subpoenas were necessarily issued for this case. Based on the foregoing, only $95.00 in costs of service on Marc Vescovi are taxable.

The invoice from the court reporter indicates that the transcript was for the deposition of Arthur Vescovi. Doc. No. 88-4 at 12. This deposition was never filed in Court and because the case against Arthur Vescovi settled, it is unclear if the transcript was necessarily obtained for use in the case against Marc Vescovi. Also, there is no indication of what copies were made or how they were necessarily obtained for use in the case. Therefore, there is an insufficient basis to award these costs.

Based on the foregoing, I recommend that the Court award $345.00 in costs, as follows: $250.00 for the filing fee plus $95.00 for service of process.

## IV.   RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that Plaintiff's Third Amended Motion for Final Default Judgment Against Marc A. Vescovi, Individually, doc. no. 93, be **GRANTED in part and DENIED in part**. I respectfully recommend that the Court enter a default judgment against Marc A. Vescovi, individually, and order Marc A. Vescovi to pay Weil $9,626.00 in attorneys' fees and $345.00 in costs. Inasmuch as the cause against all other defendants has been resolved, I further recommend that the Court direct the Clerk to issue a

judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Recommended in Orlando, Florida on July 20, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy